# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DITECH FINANCIAL LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Plaintiffs

v.

KK REAL ESTATE INVESTMENT FUND, LLC,

    Defendant

Case No.: 2:17-cv-00821-APG-DJA

**Order Granting Plaintiffs' Motion for Summary Judgment**

[ECF No. 17]

    The parties dispute whether a deed of trust still encumbers property located at 3773 Point Sublime Street in Las Vegas, Nevada following a non-judicial foreclosure sale conducted by a homeowners association (HOA). Plaintiff Ditech Financial LLC (Ditech) is the beneficiary of record for the deed of trust and is the loan servicer for plaintiff Federal National Mortgage Association ("Fannie Mae"). The plaintiffs seek a declaration that the deed of trust continues to encumber the property. The HOA purchased the property at the foreclosure sale and later quitclaimed it to defendant KK Real Estate Investment Fund, LLC (KK).

    The plaintiffs move for summary judgment on the basis that the federal foreclosure bar in 12 U.S.C. § 4617(b)(2)(A)(i) precludes the foreclosure sale from extinguishing Fannie Mae's interest in the property. KK responds that the plaintiffs' declaratory relief claim is untimely, there remain genuine disputes about whether Fannie Mae owned an interest in the property at the time of the HOA foreclosure sale, and Fannie Mae failed to record its interest in the property.

    The parties are familiar with the facts so I do not repeat them here except where necessary. I grant the plaintiffs' motion because Fannie Mae's interest in the property was not extinguished by the HOA sale.

# I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [the Federal Housing Finance Agency (FHFA) ] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[ ] or sale without the consent of [FHFA]." The plaintiffs argue that under this bar, the HOA sale could not extinguish Fannie Mae's interest in the property because at the time of the sale FHFA was acting as Fannie Mae's conservator and Fannie Mae owned an interest in the property. KK responds that the plaintiffs' claim is

untimely, that there is a genuine dispute about Fannie Mae's ownership interest, and that Fannie Mae failed to record its interest.

**A. Statute of Limitations**

KK argues that a three-year limitation period applies under Nevada Revised Statutes § 11.190(3)(a) because the plaintiffs' claims are based on a liability created by statute. The plaintiffs respond that either a five-year limitation period applies under Nevada law or the statute of limitations is extended to six years under the claims extender provision in the Housing and Economic Recovery Act of 2008 (HERA).

I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under Nevada Revised Statutes § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA foreclosure sale took place on March 28, 2012, and the deed upon sale was recorded on April 26, 2012. The complaint was filed more than four years later, on March 20, 2017. ECF No. 1. Thus, if this is the applicable limitation period, the plaintiffs' declaratory relief claim would be untimely.

However, HERA's extender provision in 12 U.S.C. § 4617(b)(12) applies here. That statute extends the limitation period for claims brought by the FHFA as conservator for Fannie Mae. Contract claims must be brought within the longer of six years or the applicable state law period, and tort claims must be brought within the longer of three years or the applicable state law period. 12 U.S.C. § 4617(b)(12)(A). Courts have interpreted § 4617(b)(12) to govern any action brought by FHFA as conservator, and thus one of these two limitation periods must apply even to a claim like the plaintiffs' declaratory relief claim that is neither a contract nor a tort

3

claim. *See FHFA v. UBS Americas Inc.*, 712 F.3d 136, 144 (2d Cir. 2013); *Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d 1101, 1108-09 (D. Nev. 2019), *reconsideration granted, order vacated in part*, No. 2:17-cv-03006-JAD-EJY, 2019 WL 6828293 (D. Nev. Dec. 13, 2019); *FHFA v. Royal Bank of Scotland Grp. PLC*, 124 F. Supp. 3d 92, 95-99 (D. Conn. 2015); *FHFA v. HSBC No. Amer. Holdings, Inc.*, Nos. 11cv6189 (DLC), 11cv6201 (DLC), 2014 WL 4276420, at *5 (S. D N.Y. Aug. 28, 2014); *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 900 F. Supp. 2d 1055, 1067 (C.D. Cal. 2012).

I determined in a prior case that a declaratory relief claim like the one the plaintiffs assert in this case is more akin to a contract claim than a tort claim, so the six-year limitation period is the correct one. *See Nationstar Mortg. LLC v. 312 Pocono Ranch Tr.*, No. 2:17-cv-01783-APG-DJA, 2019 WL 5963963, at *1-2 (D. Nev. Nov. 13, 2019). Other judges in this district agree. *See Nationstar Mortg. LLC v. Copper Creek Homeowner Ass'n*, No. 2:17-cv-02624-RFB-BNW, 2019 WL 4777311, at *4 (D. Nev. Sept. 29, 2019); *LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d at 1110.

And other judges have concluded that the extender statute can be invoked by Fannie Mae or its servicer even though the extender statute states that it applies to claims brought by the FHFA. I agree with the reasoning of these decisions that Fannie Mae and its servicer are FHFA's agents in protecting the conservatorship assets and thus may seek the benefit of HERA's six-year extender statute even if FHFA is not a party to the case. *See Ditech Fin. LLC v. Talasera & Vicanto Homeowners' Ass'n*, No. 2:16-cv-02906-JAD-NJK, 2019 WL 6828287, at *2 (D. Nev. Dec. 13, 2019); *Copper Creek Homeowner Ass'n*, 2019 WL 4777311, at *3-4. Consequently, the plaintiffs' declaratory relief claim in this case is governed by the six-year limitation in HERA and is timely.

4

**B. Evidence of Fannie Mae's Ownership**

Fannie Mae has presented evidence that it owned the loan and deed of trust as of June 2003 and never relinquished that interest. ECF No. 17-4. KK does not contest this evidence, and similar evidence has routinely been accepted as sufficient for Fannie Mae to meet its burden of showing it owned an interest in the property. *See, e.g.*, *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017). However, KK argues that the deed of trust identifies the owner of the loan as GMAC Corporation DBA Ditech.com, and thus there is a genuine issue of fact as to whether Fannie Mae owned the loan. The plaintiffs respond that they have presented undisputed evidence of Fannie Mae's ownership.

The deed of trust was recorded on May 23, 2003, and it identifies the original lender as GMAC Mortgage Corporation DBA ditech.com. ECF No. 17-3. This does not raise a genuine dispute as to whether Fannie Mae later purchased the loan and deed of trust in June 2003. Fannie Mae's records show that it did, and KK has not presented any evidence to dispute that. Consequently, no genuine dispute remains that Fannie Mae owned an interest in the property at the time of the HOA foreclosure sale.

**C. Recording**

KK argues that Fannie Mae was required under Nevada Revised Statutes § 111.325 to record in 2003 that its interest in the property was created when it purchased the loan and deed of trust. The Supreme Court of Nevada has rejected this argument, holding that § 111.325 "did not require [Fannie Mae] to publicly record its ownership interest as a prerequisite for establishing that interest." *Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849 (Nev. 2019) (en banc). Fannie Mae's failure to record its interest in the property does not preclude application of the federal foreclosure bar in this case.

### D. Federal Foreclosure Bar

*Berezovsky* answers the question of whether the federal foreclosure bar preserves Fannie Mae's interest in this property following the HOA foreclosure sale of a superpriority lien. In that case, the Ninth Circuit held that the federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Fannie Mae's interest in property without FHFA's affirmative consent. 869 F.3d at 927-31. Because the plaintiffs' declaratory relief claim is timely, they have presented undisputed evidence that Fannie Mae owned the property at the time of the HOA foreclosure sale, and Fannie Mae did not need to record its interest in the property, the federal foreclosure bar applies and the HOA foreclosure sale did not extinguish the deed of trust.

## II. CONCLUSION

I THEREFORE ORDER that plaintiffs Ditech Financial LLC and Federal National Mortgage Association's motion for summary judgment **(ECF No. 17) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiffs Ditech Financial LLC and Federal National Mortgage Association and against defendant KK Real Estate Investment Fund, LLC as follows: It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on March 28, 2012 did not extinguish Federal National Mortgage Association's interest in the property located at 3773 Point Sublime Street in Las Vegas, Nevada, and thus the property is subject to the deed of trust.

I further direct the clerk of the court to close this case.

DATED this 16th day of January, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE